UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOROTHY FISHER,

    Plaintiff,

v.                                        Case No:   6:17-cv-574-Orl-37TBS

GREGORY WHITLOCK and
AUTHORHOUSE, LLC,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiff Dorothy Fisher's Notice of Appeal Indigency Affidavit which I have construes as a motion to appeal *in forma pauperis* (Doc. 33). For the following reasons, I respectfully recommend that the motion be **denied**.

### Background

Plaintiff filed this *pro se* lawsuit against Defendants, Gregory Whitlock and Authorhouse, LLC claiming "misappropriation of royalties from the sale of Plaintiff's cookbook, in violation of federal copyright law, and the state criminal laws of Tennessee, Indiana, and Florida" (Doc. 1). The district judge determined that Plaintiff's vague reference to "copyright law" was insufficient to establish the existence of a federal question and dismissed the complaint for Plaintiff's failure to establish the Court's subject matter jurisdiction (Doc. 6). The Court granted Plaintiff leave to amend and on April 26, 2017 she filed an amended complaint in which she essentially repeated her previous allegations (Doc. 10).

Plaintiff alleged that in 2005 she wrote a cookbook, entitled "Cooking with Miss Dorothy," and that she entrusted the manuscript to her brother, Defendant Whitlock,

because he promised to secure a publisher for the book (Id., ¶¶ 1, 4). Plaintiff holds the federally registered copyright for the book (Copyright No. TX0007965220) (Id., ¶ 1). She maintains that "there was no oral or written agreement that [she] was appointing Whitlock as her agent to negotiate a royalty agreement of any kind" (Id., ¶ 5). Plaintiff alleges that her brother stole royalties from her and that the publishing house was negligent for failing to confirm whether Whitlock was Plaintiff's lawful agent as it relates to business matters surrounding the sale of the book.

Plaintiff said she received only one "telephone call from an employee of Defendant Author House [sic], asking for her input as to what price she wanted the published copies to sell for" (Id., ¶¶ 6-7). In September 2015, Plaintiff's then attorney Elise Turner, wrote a letter to Authorhouse to inquire about the number of copies sold and was told that only nine books had been sold (Id., ¶ 8). Plaintiff and "her late husband made an independent investigation of the market for the book and discovered that many thousands of copies of the book have been sold to the public, through Amazon and other book vendor" (Id., ¶ 9). Plaintiff demands "an accounting of all royalties received by Defendant Whitlock from Defendant Authorhouse from the sale of the Plaintiff's during the years 2005 to the present" and a "[m]oney judgment against Defendant Whitlock and in favor of Plaintiff in the amount of misappropriated royalties" (Id. at 3).

The Court dismissed Plaintiff's amended complaint, finding that "it too fails to properly allege the citizenship of Authorhouse" (Doc. 11 at 1). In its Order, the Court gave Plaintiff a final opportunity to adequately allege subject matter jurisdiction (Id.). The Court also allowed Plaintiff until May 15, 2017 to file a second amended complaint (Id. at 2). Plaintiff failed to amend her complaint and on May 16, 2017, the Court dismissed this case and closed the file (Doc. 12).

More than a year later, Plaintiff filed a motion for reconsideration in which she stated that the Court had told her she needed an attorney, when in fact she had an attorney who had failed to appear on her behalf (Doc. 13). Plaintiff argued that under this circumstance, the Court's decision to dismiss her case with prejudice was a denial of due process, an obstruction of justice, a violation of her human rights, and a violation of her rights to a fair hearing and trial (Id.). The Court denied the motion for reconsideration, noting in part, that it came more than one year after the Court's final decision to dismiss Plaintiff's case (Doc. 14).

On September 18, 2018, Plaintiff filed a "MOTION FOR EX PARTE HEARING ON ALL" (Doc. 15). In the motion, she demanded the Court contact the attorney she had engaged to find out why the attorney did not appear in this case. Plaintiff also argued that Federal Rules of Civil Procedure cited by the Court in its Order denying her motion for reconsideration did not apply, that the Court did not have the authority to dismiss her case, that the order of dismissal should be set aside, and a hearing set so that the Court could hear the case on the merits (Id.). The Court denied this motion, noting in part that "Plaintiffs time to act–or to ensure her lawyer was acting on her behalf–has long since passed (Doc. 16 at 2).

On October 11, 2018, Plaintiff filed a "MOTION FOR COURT TO SHOW WHAT LAWS IT USE TO DENY RECONSIDERATION AND EXPARTE MOTION" (Doc. 17). In the motion, Plaintiff said she wanted the Court "TO STATE HIS JURISDICITON OF LAW FOR THE RECORD" (Id., at 1). In another motion filed the same day, Plaintiff asked "FOR DEFENDANTS TO SHOW CONTRACTS SIGNED BETWEEN PLAINTIFF AND [sic] DEFENADNTS AND ISSUES TO BE REVIEWED" (Doc. 18 at 1). Both motions were denied (Doc. 19).

On October 30, 2018, Plaintiff filed her "MOTION FOR COURT TO SET COURT DATE ON WHOLE CASE AND CHIEF FOR ALL PARTIES TO BE PRESENT" (Doc. 20). The motion asked the Court to "STATE HIS JURISDICTION OF LAW FOR THE RECORD AND LAWS USED IN EACH MOTION." (Id., at 1). The Court determined that the motion was untimely and unauthorized and directed that it be stricken from the docket (Doc. 21).

Undeterred, on November 26, 2018, Plaintiff filed her "MOTION FOR JUDGE TO STATE HIS JURISDICTION" (Doc. 22). The Court struck this motion and informed Plaintiff that if she continued to file papers in this case they would be deleted from the docket and returned to her (Doc. 23).

On December 12, 2018, Plaintiff filed her notice that she was appealing the "WHOLE CASE." (Doc. 24). Plaintiff sought leave to prosecute this appeal *in forma pauperis* (Doc. 26). On review, I found no basis for a good faith appeal and that Plaintiff's notice of appeal was time barred (Doc. 27). Consequently, I recommended that Plaintiff's application to appeal *in forma pauperis* be denied (Id.). Plaintiff filed objections in the form of a motion (Doc. 29). The Court considered Plaintiff's motion and found that it did not have jurisdiction (Doc. 32). The pending motion was filed the next day (Doc. 33).

## Discussion

By law:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

A party's ability to file an appeal without paying court fees is limited by the statutory provision which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). The law "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous." Schmitt v. U.S. Office of Pers. Mgmt., No: 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)); Howard v. King, 707 F.2d 215, 220-21 (5th Cir. 1983). A frivolous case is one "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Sun, 939 F.2d at 925 (inner quotations and citations omitted); see also Bell v. HCR Manor Care Facility of Winter Park, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at *2 (M.D. Fla. Aug. 24, 2010). In other words, a lawsuit is frivolous if "'the plaintiff's realistic chances of ultimate success are slight.'" Cooley v. Ocwen Loan Svc., LLC, 729 F. App'x 677, 680-681 (11th Cir. 2018).

Once again, I see no basis for a good faith appeal by Plaintiff. She failed, despite three opportunities, to file a complaint that properly alleged the Court's subject matter jurisdiction. Subject matter jurisdiction is one of the most basic thresholds of litigating in federal court and courts have an obligation to "to review [on its own motion] whether it has

subject matter jurisdiction." Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011). If jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Id. Thus, Plaintiff's appeal lacks any arguable merit.

Any appeal by Plaintiff now is also time barred. The Court dismissed this case on May 16, 2017 and the Order denying Plaintiff's motion for reconsideration was entered on August 27, 2018. Plaintiff filed her notice of appeal on December 12, 2018. The law provides:

> Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

28 U.S.C. § 2107(a). None of the exceptions apply, and even if they did, Plaintiff's notice of appeal would still be untimely. See 28 U.S.C. § 2107(b).

Lastly, in its Order denying Plaintiff's motion filed in response to my Report and Recommendation the Court said the filing of Plaintiff's notice of appeal divested it of jurisdiction (Doc. 32 at 1), citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The same reasoning applies here.

## Recommendation

Now, I **RESPECTFULLY RECOMMEND** that the Court certify that Plaintiff's appeal is not taken in good faith and **DENY** her motion to proceed on appeal *in forma pauperis* (Doc. 33).

Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on January 30, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Plaintiff